Argued and submitted May 24, reversed and remanded for reconsideration
August 21, 1991

In the Matter of the Compensation of
Margaret Nemecek, Claimant.

LIBERTY NORTHWEST INSURANCE CORP.
and Salem Hospital,
*Petitioners,*

*v.*

Margaret NEMECEK,
*Respondent.*

(WCB 89-00148; CA A67402)

816 P2d 663

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

Brad G. Garber, Salem, argued the cause for respondent. With him on the brief was Michael B. Dye, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

Edmonds, J., dissenting.

## PER CURIAM

Employer seeks review of an order of the Workers' Compensation Board affirming and adopting the referee's order, which concluded that claimant's occupational disease claim was compensable, because her work was a material contributing cause of the condition. Employer asserts that the Board relied on an erroneous interpretation of ORS 656.802. Employer is correct. We recently decided that the 1987 legislature did not intend to change the major contributing cause standard. *Aetna Casualty Co. v. Aschbacher,* 107 Or App 494, 812 P2d 844 (1991).

Although the referee's opinion suggested that one of the four doctors' reports would support a finding that claimant's work was the major contributing cause of her condition, and we think the record contains substantial evidence to support such a finding, neither the referee nor the Board made that finding. Rather, the referee concluded that "all of the medical opinions in the record establish *at the very least* that claimant's work was a material contributing cause." (Emphasis supplied.) Therefore, we must reverse and remand for reconsideration of whether claimant's work was the major contributing cause of her condition. *Liberty Northwest Ins. Corp. v. Damm,* 107 Or App 764, 812 P2d 854 (1991).

Reversed and remanded for reconsideration.

**EDMONDS, J.,** dissenting.

The majority says:

"Although the referee's opinion suggested that one of the four doctors' reports would support a finding that claimant's work was the major contributing cause of her condition, and we think the record contains substantial evidence to support such a finding, neither the referee nor the Board made that finding." 108 Or App at 491.

The majority is wrong in saying that the referee and the Board did not find that claimant's work was the *major* contributing cause of her condition. In the referee's opinion, which the Board adopted, he first made findings. Under *"OPINION AND CONCLUSIONS,"* the referee said:

> "I am persuaded that Dr. Jones' reports and deposition testimony support a finding that claimant's work at SM — being on her feet for long hours on a hard surface — was at least the *major* cause, if not the sole cause, of her plantar fasciitis [*sic*] condition. This is more than what is required to establish compensability under the current occupational disease law, as construed by the Board in *Aschbacher.*" (Emphasis supplied.)

The referee concluded:

> "In sum, all of the medical opinions in the record establish at the very least that claimant's work was a material contributing cause of her plantar fasciitis [*sic*] symptoms. * * * Based upon claimant's credible testimony, the above discussed medical evidence, and the previously discussed applicable law, I conclude that claimant has established the compensability of her right foot plantar fasciitis [*sic*] occupational disease claim."

The majority's remand so that the Board can apply the "major contributing cause test" is an unnecessary action in the light of the concerted effort by the referee to say that claimant's claim was compensable, regardless of whether a "major" or "material" contributing cause standard was used.

I dissent.